# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE PRUDE,

                Plaintiff,

v.

COLIN FRUEHBRODT, ANDREW WICKMAN, STEVEN SCHUELER, and WARDEN RADTKE,

                Defendants.

Case No. 19-CV-1203-JPS

**ORDER**

      Plaintiff Terrance Prude, who is incarcerated at Green Bay Correctional Institution, proceeds in this matter *pro se*. He filed a complaint alleging that the Defendants violated his civil rights. (Docket #1). This matter comes before the Court on Plaintiff's petition to proceed without prepayment of the filing fee, or *in forma pauperis*. (Docket #9). Plaintiff has been assessed and has paid an initial partial filing fee of $5.64. *See* 28 U.S.C. § 1915(b).

      The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900

(7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be

supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

At all times relevant to Plaintiff's complaint, he was confined at Green Bay Correctional Institution ("GBCI"). (Docket #1 at 1). Defendants are employees of GBCI. *Id.* Plaintiff alleges that on February 23, 2019, Colin Fruehbrodt ("Fruehbrodt") searched his cell and found an empty peanut butter jar that Plaintiff had cleaned out and was using as a drinking cup. *Id.* at 2. Fruehbrodt told Plaintiff that the jar violated a prison storage rule, and he collected Plaintiff's hygiene items that were contained in jars. *Id.* Fruehbrodt told Plaintiff that if he disagreed with the jar confiscation, he could tell the hearing officer at the disciplinary hearing. *Id.* In response, Plaintiff told Fruehbrodt he would go outside of the institution and complain to the Wisconsin Department of Corrections ("WDOC") secretary because the hearing officer was biased. *Id.* Fruehbrodt then charged Plaintiff with threatening an officer under a prison rule. *Id.* At a subsequent disciplinary hearing, the hearing officer, Andrew Wickman ("Wickman"),

found Plaintiff guilty of intimidating staff based on Plaintiff telling Fruehbrodt that he intended to complain about him to the secretary of the WDOC. *Id.* at 3. Plaintiff was sentenced to sixty days of "disciplinary separation." *Id.* Steven Schueler ("Schueler"), then the prison's warden, affirmed the hearing officer's decision on appeal. *Id.*

Plaintiff will be permitted to proceed against Fruehbrodt, Wickman, and Schueler on a First Amendment retaliation claim. To prevail on this claim, Plaintiff must ultimately show that "(1) his threat is protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment speech; and (3) his threat was at 'least a motivating factor'" in the defendants' decision to take retaliatory action. *Reed v. Bowen*, 769 F. App'x 365, 370 (7th Cir. 2019) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). The Seventh Circuit has not yet ruled that threatening to file a lawsuit or grievance, as opposed to actually filing it, is protected activity. *See Reed*, 769 F. App'x at 370; *see also Lindell v. O'Donnell*, No. 05-C-04-C, 2005 WL 2740999, at *29 (W.D. Wis. Oct. 21, 2005) ("Whether threatening to file an inmate complaint or initiate legal action is a similarly protected activity is a question of first impression in the Seventh Circuit. I conclude that speech indicating an intention to file an inmate complaint about a matter involving prison abuse is constitutionally protected speech."). The Court will assume for purposes of screening that it is. Plaintiff has alleged that the defendants punished him because of his threat to complain about Fruehbrodt to higher authorities. This is sufficient to pass the low bar of screening.

Next, Plaintiff has also named Warden Radtke ("Radtke ") in his official capacity "for injunctive relief only to carry out the injunctive relief requested," which is expungement from his record of the conduct report

Plaintiff received for threatening Fruehbrodt. (Docket #1 at 3). The Seventh Circuit has held that expungement of a violation from an inmate's prison record may be an appropriate remedy for some constitutional violations. *See Ware v. Heyne,* 575 F.2d 593 (7th Cir. 1978); *see also Jones v. Russell,* 149 F. Supp. 3d 1095, 1106 (W.D. Wis. 2015). Whether such relief is appropriate here, and whether naming Radtke is necessary to achieve that relief, are questions that will be left for briefing at a later stage of the case. Plaintiff will, for the present time, be permitted to proceed against Radtke as well.

Finally, Plaintiff has also filed a motion for preliminary order enjoining the defendants from confining him in segregation based on the allegedly unconstitutional conduct report. (Docket #2). To justify a preliminary injunction, Plaintiff must show that he is likely to succeed on the merits, he is likely to suffer irreparable harm without the injunction, the harm he would suffer is greater than the harm that the preliminary injunction would inflict on the defendants, and the injunction is in the public interest. *Bontrager v. Ind. Family & Soc. Servs. Admin.,* 697 F.3d 604, 607 (7th Cir. 2012). "A preliminary injunction ordering [a] defendant to take an affirmative act rather than merely refrain from specific conduct," as is the case here, "is 'cautiously viewed and sparingly issued.'" *Knox v. Shearing,* 637 F. App'x 226, 228 (7th Cir. 2016) (quoting *Graham v. Med. Mut. of Ohio,* 130 F.3d 293, 295 (7th Cir. 1997)). A preliminary injunction is "an extraordinary remedy and is never awarded as of right." *D.U. v. Rhoades,* 825 F.3d 331, 335 (7th Cir. 2016) (citing *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008)).

Plaintiff's motion will be denied. First, an inmate's segregation status is a matter of prison administration with which courts are reluctant to interfere. *See Turner v. Safley,* 482 U.S. 78, 84–85 (1987) (encouraging "a

policy of judicial restraint" in the area of prison administration). Second, the Court cannot conclude that Plaintiff has shown anything approaching a likelihood of success on the merits. This requires evidence, not merely allegations, and the only evidence supporting Plaintiff's claims at this stage is his own testimony. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 682–83 (7th Cir. 2012). The Court is especially reluctant to find that Plaintiff is likely to succeed given the uncertainty of the law in the Seventh Circuit regarding whether a threat to file a grievance is protected speech. Finally, success on his First Amendment claim would not necessarily mean that Plaintiff is entitled to relief from the punishment given to him at his conduct hearing. For all of these reasons, Plaintiff has not shown entitlement to the extraordinary relief that is release from segregation.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #9) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion a preliminary injunction (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the balance of the filing fee, $344.36, by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In

addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 13th day of January, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge