# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRANCE PRUDE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>COLIN FRUEHBRODT, ANDREW WICKMAN, STEVEN SCHUELER, and WARDEN RADTKE,<br><br>　　　　　　　　Defendants. | Case No. 19-CV-1203-JPS<br><br>**ORDER** |

　　　　On January 21, 2020, Plaintiff filed a motion for reconsideration of the Court's order denying his motion for a preliminary injunction. (Docket #13 and #14). He cites both Federal Rules of Civil Procedure 59 and 60, but only Rule 60 applies, as Rule 59 applies to relief from judgments. Federal Rule 60(b) offers relief from a court's order if the moving party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of Chi.*, 97 Fed. App'x 680, 681 (7th Cir. 2004) (quoting Rule 60(b)(6)). Such relief "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chi.*, 443 F.3d 542, 546 (7th Cir. 2006).

　　　　The Court finds no reason upon which to grant the extraordinary relief afforded by Rule 60(b). Plaintiff's argument primarily attacks the Court's legal analysis regarding application of the preliminary injunction standard in this case. Disagreement with a Court's legal analysis is not grounds for reconsideration. *See Perez v. United Student Aid Funds, Inc.*, 248

F. App'x 756, 757 (7th Cir. 2007) ("Because of its narrow purpose, a Rule 60(b) motion cannot be premised on mere legal error.").

Plaintiff also accuses the Court of "ignoring" the evidence he submitted along with his declaration in support of his preliminary injunction motion. Not so. As the Court said in its order denying Plaintiff's motion, Plaintiff's case rests at this stage on his own version of events, including his own interpretation of the conduct report he received. For example, Plaintiff submitted copies of his conduct report, disciplinary hearing decision, and appeal, *see* (Docket #4 and #4-1), which show that Plaintiff was disciplined because he called an officer an "asshole" and threatened that "he has people on the outside[]," (Docket #4-1 at 1). Plaintiff says that the person on the outside to whom he was referring is the secretary of the Wisconsin Department of Corrections, and that he was threatening to file a grievance, not cause harm. Defendants might well dispute that. At this stage of the case, the Court cannot say that Plaintiff is likely to succeed on the merits of his claims. For this reason, and for all of the other reasons stated in the Court's January 13th Order, the Court's denial of Plaintiff's motion for preliminary injunction stands.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #14) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of January, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge